**JOHN D. SULLIVAN**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: John.Sullivan@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**TRAVIS JAMES BERNDT,**<br><br>Defendant. | CR 17-84-BLG-SPW<br><br>**OFFER OF PROOF** |

   The United States, represented by Assistant U.S. Attorney John D. Sullivan, files the following offer of proof in anticipation of the change of plea hearing set in this case on April 19, 2018.

### THE CHARGES

   The defendant, Travis James Berndt, is charged by indictment with conspiracy to possess with the intent to distribute and to distribute controlled

substances (count I), in violation of 21 U.S.C. § 846, possession with intent to distribute controlled substances (count II), in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime (count III), in violation of 18 U.S.C. § 924(c)(1)(A)(i).

There is also a forfeiture count contained in the indictment, which seeks the forfeiture of eight firearms and $12,803 in U.S. Currency.

## PLEA AGREEMENT

There is no plea agreement in this case. Berndt has indicated that he will plead guilty to the indictment without the benefit of a plea agreement. In the government's view, this is the most favorable resolution for the defendant. *See Missouri v. Frye*, 566 U.S. 133 (2012).

## ELEMENTS OF THE CHARGES

In order for the defendant to be found guilty of the charge of conspiracy to possess with the intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846, as charged in count I of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

> First, beginning in or about September 2016, and ending in or about June 2017, there was an agreement between two or more persons to possess with the intent to distribute and to distribute substances containing detectable amounts of methamphetamine and heroin;
>
> Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

>In addition, while not a formal element of the offense, the United States must prove beyond a reasonable doubt that the conspiracy involved 500 or more grams of a substance containing a detectable amount of methamphetamine and a kilogram or more of a substance containing a detectable amount of heroin.
>
>To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of controlled substances to another person, with or without any financial interest in the transaction.
>
>To distribute controlled substances means to deliver or transfer possession of controlled substances to another person, with or without any financial interest in the transaction.

In order for the defendant to be found guilty of the charge of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), as charged in count II of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

>First, the defendant knowingly possessed substances containing detectable amounts of methamphetamine and heroin;
>
>Second, the defendant possessed them with the intent to deliver them to another person.
>
>In addition, while not a formal element of the offense, the United States must also prove beyond a reasonable doubt that the defendant possessed, with the intent to distribute, 500 or more grams of a substance containing a detectable amount of methamphetamine and a kilogram or more of a substance containing a detectable amount of heroin.

In order for the defendant to be found guilty of the charge of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), as charged in count III of the indictment, the United States

must prove each of the following elements beyond a reasonable doubt:

> First, the defendant committed the crimes of conspiracy to possess with the intent to distribute and to distribute controlled substances, and possession with intent to distribute controlled substances, as charged in counts I and II of the indictment, which are drug trafficking crimes; and

> Second, the defendant knowingly possessed a firearm, that is a Sig Sauer Equinox, model P938, 9mm caliber semi-automatic pistol (serial number 52B091788); and

> Third, the defendant possessed the firearm in furtherance of the crimes charged in counts I and II of the indictment.

> A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

## PENALTY

The charges contained in counts I and II of the indictment both carry mandatory minimum punishments of 10 years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and $100 special assessments. The charge contained in count III carries a mandatory minimum punishment of five years to life imprisonment, consecutive to any other sentence, a $250,000 fine, five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

Agents with the FBI TOC-West Task Force and the Eastern Montana

HIDTA task force began investigating Travis Berndt in September 2016. A confidential informant made multiple controlled purchases of both methamphetamine and heroin from Berndt between September and October 2016. On October 25, 2016, agents executed a search warrant on Berndt's residence. Berndt was located driving east on Interstate 90 that same day and was stopped by law enforcement. During the traffic stop, Berndt agreed to be interviewed by agents, waived his *Miranda* rights, and admitted that he was traveling to Denver to obtain drugs. The search of Berndt's residence turned up a small amount of methamphetamine and heroin along with various drug paraphernalia. In his vehicle, which agents searched after obtaining a warrant, was a Sig Sauer Equinox, model P938, 9mm caliber semi-automatic pistol (serial number 52B091788), drug ledgers, and $4,137 in U.S. Currency.

In June 2017, a confidential informant provided information that Berndt was in the process of coming back from Salt Lake with up to a pound of methamphetamine and heroin. A criminal complaint for Berndt's arrest was issued by this Court on June 13, 2017. Berndt was eventually located and arrested at a hotel in Billings and a search of both his hotel room and residence uncovered additional methamphetamine, heroin, five firearms, drug paraphernalia, and U.S. Currency.

After his arrest, Berndt waived his *Miranda* rights and agreed to be

interviewed. He explained that, originally, he had a source of supply for methamphetamine and heroin in Denver but later moved on and began getting drugs from individuals in Salt Lake City. He recounted a number of trips to Salt Lake City and described the approximate quantities of both methamphetamine and heroin that he obtained each time that he then brought back to Billings for redistribution.

In total, Berndt admitted to trafficking 500 or more grams of methamphetamine and a kilogram or more of heroin. With respect to firearms, Berndt admitted possessing firearms while making trips out of state to obtain drugs, and that while he primarily possessed them to trade for drugs, he also used them as a "scare tactic." Over the course of the investigation, agents seized from Berndt, among other things, eight firearms and approximately $12,803 in U.S. Currency.

DATED this 13th day of April, 2018.

    KURT G. ALME
    United States Attorney


    */s/ John D. Sullivan*
    JOHN D. SULLIVAN
    Assistant U.S. Attorney